UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SILVIA REGINA CARRANZA | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 3:16-CV-596-PPS-JEM |
| v. | ) |
| | ) |
| SUPERIOR COURT OF NORTHERN | ) |
| INDIANA, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Silvia Regina Carranza, a *pro se* plaintiff, filed a complaint that, as I understand it, seeks relief from various orders entered against her in state court proceedings. [DE 1.] Carranza seeks to proceed with this lawsuit without paying the filing fee. [DE 2.] Because she is trying to file this case free of charge, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). Section 1915(e)(2)(B) applies to prisoner and non-prisoner complaints alike, regardless of fee status. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999).

In this case, Carranza's complaint must be dismissed because this Court lacks subject matter jurisdiction over it. In *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), the United States Supreme Court held that federal district courts lack jurisdiction to entertain appeals of

the decisions of a state's highest court. The *Rooker-Feldman* doctrine has been extended to apply to decisions of lower state courts. *See Beth-El All Nations Church v. City of Chicago*, 486 F.3d 286, 292 (7th Cir. 2007). Under the doctrine, a litigant may not obtain federal court review of a state court judgment merely by recasting it as a civil rights action under 42 U.S.C. § 1983. *Id.*

Carranza is seeking review of various Indiana state court decisions include orders granting an *Ex Parte Order* for Protection against Carranza, denying Carranza's Petition for an Order for Protection, denying Carranza's Petition to Modify Custody. [DE 1; DE 1-1.] Because the Carranza is seeking review of a state court judgment and has merely recast it as a civil rights action, this Court is without jurisdiction to hear her claims.

Furthermore, the domestic-relations exception also leaves this Court without jurisdiction to hear Carranza's claims. "The domestic-relations exception precludes federal jurisdiction when a plaintiff seeks 'one or more of the distinctive forms of relief associated with the domestic relations jurisdiction: the granting of a divorce or an annulment, an award of child custody, a decree of alimony or child support.'" *Dawaji v. Askar*, 618 F. App'x 858, 860 (7th Cir. 2015) (quoting *Friedlander v. Friedlander*, 149 F.3d 739, 740 (7th Cir.1998)); *see also Jones v. Brennan*, 465 F.3d 304, 306 (7th Cir.2006) ("[T]he domestic-relations exception . . . denies federal jurisdiction to grant a divorce or exercise the other characteristic powers of a domestic-relations court."). To the extent that Carranza takes issue with the findings and opinions of the Indiana state courts in

regards to the custody and care of her children, she must seek relief in state court, not here.

For all of the foregoing reasons, Plaintiff's complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e) and her motion to proceed *in forma pauperis* is **DENIED** [DE 2]. The Clerk shall treat this civil action as **TERMINATED**. All other pending motions in this action are **DENIED AS MOOT**.

**SO ORDERED**.

ENTERED: May 2, 2017.

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT
